IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD A. DAVIS, <br> AIS #171203, <br>     Petitioner, <br><br> v. <br><br> WARDEN McCOVERY, <br><br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CASE NO. 2:19-CV-714-WHA-WC <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Gerald A. Davis, a state inmate currently incarcerated pursuant to a 154-month sentence entered against him by the Circuit Court of Montgomery County, Alabama, on February 11, 2019, for convictions of unlawful breaking and entering a vehicle, second degree theft of property (2 counts), and third degree burglary (2 counts). Doc. 1 at 9. Davis also has criminal charges currently pending against him before the Circuit Court of Montgomery County, Alabama, for burglary, theft of property, and robbery, all of which occurred while he was in the Community Corrections Program for the prior convictions. Doc. 1 at 9.

In the instant habeas petition, Davis does not present any core challenge to his incarceration or the execution of his sentence for the prior convictions. Instead, he requests

that the Montgomery County Circuit Court be required "to promptly bring him to trial" on the pending criminal charges. Doc. 1 at 9.[1]

The respondents filed answers in which they argue that the habeas petition is due to be denied because Davis has not properly exhausted his state court remedies. Specifically, the petitioner may seek relief before the Circuit Court of Montgomery County, Alabama, by filing a motion for speedy trial or a motion to dismiss the indictments for the pending criminal charges and, if unsuccessful on these motions, a petition for writ of mandamus with the Alabama Court of Criminal Appeals, *see Ex parte Anderson*, 979 So.2d 777 (Ala. 2007), seeking a speedy trial or an appeal of the adverse order denying dismissal of the indictments. If Davis is represented by counsel in the state proceedings, counsel should file the mandamus petition with the appellate court. *Id*. If unsuccessful before the Alabama Court of Criminal Appeals on his speedy trial claim/challenge to the indictments, Davis may seek mandamus relief before the Alabama Supreme Court.

Based on the foregoing, the court entered an order affording Davis an opportunity to demonstrate why this habeas petition should not be denied as the claims raised therein are subject to dismissal for his failure to exhaust available state remedies. Doc. 16. In his response to this order, Davis acknowledges that dismissal of this case without prejudice is appropriate so that he may raise his claims in the state courts. Doc. 17 at 1.

---

[1] This claim sounds in the nature of a speedy trial claim under the Sixth Amendment seeking timely disposition of the pending state criminal charges.

## II.  DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 – including exhaustion of state remedies – apply" as Davis challenges the constitutionality of state court actions. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Davis] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement[.]" *Dill*, 371 F.3d at 1302–03.

The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to properly exhaust his state remedies, a petitioner must fairly present the alleged constitutional violations on which he seeks relief throughout the state courts for review, including the State's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999). Although a speedy trial claim is

reviewable in a federal habeas action, it must be first be exhausted in the state courts. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

The undisputed evidentiary materials filed in this case, including the relevant state court records, establish that Davis has not yet exhausted his available state court remedies with respect to the speedy trial claim presented in this petition for habeas corpus relief. To circumvent the exhaustion requirement attendant to a federal habeas action, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Davis has failed to establish that state court remedies are unavailable or that such remedies are ineffective. Thus, this court does not deem it appropriate to rule on the merits of Davis' request regarding a speedy trial without requiring that he first exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

> Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir.2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir.1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate

> constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id.*
>
> [The petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings.
>
> For the reasons noted above, this court concludes that [the petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [the petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, Civil Action No. 1:11-CV-841-TMH, 2012 WL 255759, at *2–3 (M.D. Ala. Jan. 5, 2012), *report and recommendation adopted,* No. 1:11-CV-841-TMH, 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). In light of the foregoing, the court concludes

that Davis must first exhaust his available state court remedies on the claims presented herein prior to seeking habeas relief in this court.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief be DENIED.

2.  This case be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust his available state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 2, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of December, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE